## No. 721

### DRAKE v. STATE et.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1556. Decided March 16, 1927.

First Publication of this Opinion.

661. INTOXICATING LIQUOR.—1. Separate conviction for possession and sale of intoxicating liquor cannot be based upon identical liquor.

2. Possession of other liquor, although in small amount, sufficient to justify conviction on possession charge.

Error to Municipal Court.
Affirmed by Common Pleas.
Error to Common Pleas.
Judgment affirmed.

E. G. Fickell, Columbus, for Drake.
Charles A. Leach and Baxter Evans, Columbus, for State.

FULL TEXT

BY THE COURT:

(Ferneding, Kunkle and Allread, JJ., concurring.)

The plaintiff in error was convicted in the Municipal Court for the possession of intoxicating liquors and also for the sale of intoxicating liquors. In the possession case he was fined $500.00 and the costs of prosecution, and in the sale charge was fined $250.00 and costs of prosecution. A petition in error was filed in the Court of Common Pleas to reverse the conviction in both cases. The judgments, however, were affirmed in the Court of Common Pleas and error is prosecuted in this court.

The charge in each case was for a third offense and it is admitted at the beginning of the trial that the plaintiff in error had been convicted upon two other charges of the possession of intoxicating liquors. The present convictions were, however, for first offenses. The sale case was supported by the testimony of three police officers to the effect that they searched a boy, gave him one dollar and an empty pint bottle and that the boy went into the plaintiff in error's place and returned with a pint bottle filled with corn whiskey. Two of the three officers stationed themselves across the street where they had a full view and they testified that the boy went into the plaintiff's in error's place, handed the empty bottle to the plaintiff in error who went into another room and came back with a bottle which he handed to the boy and which was later found to contain corn whiskey.

It was not necessary for the state to produce the boy. The testimony of the officers showing not only the search of the boy but also as to what they observed would be competent evidence in support of the state's charges. There is evidence tending to prove that the boy handed the plaintiff the one dollar bill and that the same was placed by the plaintiff in error in a certain box which he had in his hand but later the one dollar bill was found on the floor. The officers had taken the number of the bill given to the boy and the bill found on the floor was identified as the same bill. The plaintiff in error testified denying the charge of the state. There were also others present who denied the charge made by the state. We think, however, there was sufficient evidence to prove the sale of the liquor to the boy. There was also evidence to prove possession of the same liquor but it was evident that the plaintiff in error should not be convicted upon both charges for the possession of the identical liquor. The question therefore presents itself whether there was possession of other liquor than that involved in the sale.

It is sufficiently proven from the evidence that the bottle presented by the boy was filled from a quantity of liquor which the plaintiff in error had in his possession in the back room. Bowman, one of the policemen, testified that when he went in the back room there was a small quantity of liquor in the bottles but that the same did not amount to as much as a half pint. The other officers testified to the same effect and stated further that there were appliances including traps in the back room to dispose of the liquor, that there was a distinct smell of liquor and that the water was running in the sink. The testimony of Bowman that there was a quantity of liquor still in the bottles in the back room is sufficient in connection with the testimony of the other officers to show that the plaintiff in error had in his possession other liquor in addition to the liquor involved in the sale. Although the quantity which was found was small, we are of opinion that there was enough to justify the conviction of the plaintiff in error upon both charges. Finding no prejudicial error the judgment of the Court of Common Pleas must be affirmed.